**WEST AMERICAN INSURANCE COMPANY, Appellant–Defendant Below,**

v.

**MID–AMERICAN FIRE & CASUALTY CO., Appellee–Plaintiff Below.**

**No. 50A03–9211–CV–369.**

Court of Appeals of Indiana, Third District.

March 24, 1993.

Robert T. Sanders, III, Daniels, Sanders, Pianowski, Hamilton & Todd, Elkhart, for appellant.

Robert G. Devetski, Butler, Simeri, Konopa & Laderer, P.C., South Bend, for appellee.

STATON, Judge.

West American Insurance Company ("West") appeals the grant of summary judgment in favor of Mid–American Fire and Casualty Company ("Mid–American") on the issue of coverage under a policy issued by West. West raises two issues for our review. However, our resolution of the first issue makes it unnecessary to reach the second issue. We restate the first issue as follows:

> Whether the automobile involved in the accident was a "covered auto" within the terms of the policy from West.

We affirm.

On or about December 23, 1988, James McGregor (McGregor) purchased automobile insurance from West on his three automobiles which was effective until June 23, 1989. Later in December, 1988, McGregor removed one automobile from the West policy. In May, 1989, the McGregors moved to Ohio. Because McGregor obtained partial use of a company car, he sold a second automobile, a Saab, which was listed on the West policy.

On June 8, 1989, because McGregor needed a car for personal use, he purchased an Audi. Prior to taking possession of the Audi, McGregor contacted a Mid–American agent to purchase insurance on the Audi. The agent told McGregor that Mid–American would insure the Audi and McGregor would be billed for the insurance. McGregor did not sign an insurance contract.

On June 10, 1989, the Audi was involved in a fatal one car accident. On June 22, 1989, McGregor made a statement to a claims adjustor for West. A wrongful death claim arose from the accident, and Mid–American settled the claim for $80,000.00. Mid–American filed a declaratory action to determine if the June 10 accident was covered under both policies. Mid–American sought an award for one-half of the settlement. West denied coverage under its policy and sought a declaratory judgment that it was not obligated to contribute to the settlement.

### "Your Covered Auto"

Pursuant to the Uniform Declaratory Judgments Act, IND.CODE 34–4–10–1; 34–4–10–7 (1988), declaratory judgments and decrees may be reviewed as other judgments and decrees. This case involves the interpretation of insurance policies, and the interpretation of an insurance policy is primarily a question of law for the court. If the language of the policy is clear and unambiguous, the language should be given its plain and ordinary meaning. An insurance policy should be construed so as to further the basic purpose of the policy which is indemnification. *Tate v. Secura Ins.* (1992), Ind., 587 N.E.2d 665, 668.

The issue is whether McGregor's Audi was a "covered auto" under the policy issued by West. West asserts the Audi was not a "covered auto" within the terms

of its policy which provides "[West] will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident." Record, p. 34. A covered person is defined to include the named insured, any family member, together with "any person using your covered auto." Record, p. 34. Your covered auto is defined as

"[a]ny of the following types of vehicles on the date you became the owner: [ ] a private passenger auto.

*     *     *     *     *     *

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverages as the vehicle it replaced.[1]

If the vehicle you acquire is in addition to any shown in the Declarations, it will have the broadest coverage we now provide for any vehicle shown in the Declarations; however, you must ask us to insure it within 30 days after you become the owner...."

Record, p. 32.

Because the Audi was not listed in the policy declarations, West contends the Audi comes under the "in addition to" vehicle provision and not the replacement vehicle provision. However, we do not accept the contention from West that all acquired vehicles come under the "in addition to" vehicle provision. Such an interpretation reads the "replacement" vehicle provision out of the policy. The terms of an insurance poli-

cy should be given their plain and ordinary meaning. *Secura, supra,* at 668.

Additionally, the stipulated facts show the Audi replaced the Saab. In McGregor's statement to the adjustor from West, McGregor stated "[w]hen we moved [in May,] I sold the 1973 Saab. I have partial use of a company car but I needed a car to drive as well. On June 8, 1989 I purchased the Audi." Record, p. 55.[2] Moreover, in May, 1989, West had been paid for and intended to provide insurance for two vehicles, a Buick and a Saab, until June 23, 1989. At some point in May, the Saab was sold. On June 8, when the Audi was purchased, it replaced the Saab, and West continued to insure two vehicles on the policy. Because the Audi did not become the third vehicle on the policy from West, we conclude the Audi was not a vehicle purchased in addition to, but rather the Audi replaced the Saab. Because the replacement provision did not require McGregor to "ask" for coverage, we conclude the Audi was a "covered auto" within the terms of the policy issued by West.[3]

We affirm.

HOFFMAN, J., concurs.

CHEZEM, J., concurs in result without opinion.

1. The language quoted from herein is contained in the "Amendment of Policy Provisions: Indiana". In defining "your covered auto" in the original policy, the unamended replacement auto provision stated the following: "If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto." Record, p. 33. It is clear West knew how to require a request for coverage within thirty days.

2. We find no other portion of Mr. McGregor's statement relevant to the issue of whether the Audi was a "replacement" or "in addition to" vehicle under the terms of the policy. We also note McGregor's statement complied with the terms for "Duties After an Accident or Loss" under the policy from West, and McGregor's

statement to the adjustor was an implicit request for coverage under the policy from West. Record, p. 41.

3. Because we conclude the Audi was a "covered auto" under the provisions of the policy issued by West, we need not address the contention of West concerning the "owned automobile exclusion". Additionally, because the resolution of the first issue makes both insurers primarily liable for the June 10 accident and the parties' briefs contain some eight pages concerning the "other insurance" provisions, we briefly address this consideration. We conclude the other insurance clause in the amendment of the West policy conflicts with the other insurance clause of the Mid–American policy and the trial court properly applied *Indiana Insurance Company v. American Underwriters, Inc.* (1973), 261 Ind. 401, 304 N.E.2d 783.